UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DESIRAE HALL, on behalf of
herself and those similarly
situated,

                                 CASE NO.:   3:14-cv-78-TCB

        Plaintiff,

vs.

SPECTRUM HABILITATION
SERVICES, INC., A GEORGIA
PROFIT CORPORATION, AND
REGINALD SMITH,
INDIVIDUALLY

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DESIRAE HALL, by and through the undersigned attorney, sues the Defendants, SPECTRUM HABILITATION SERVICES, INC., a Georgia Profit Corporation, and REGINALD SMITH, individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked as a non-exempt, house manager for Defendants

in Fayetteville, Georgia.

3.      During her employment with Defendants, Plaintiff was paid by the hour.

4.      Plaintiff worked for Defendants from approximately August 21, 2011 to February 4, 2013.

5.      Defendant, SPECTRUM HABILITATION SERVICES, INC., is a Georgia Profit Corporation that operates and conducts business in, among others, Fayetteville, Georgia and is therefore, within the jurisdiction of this Court.

6.      This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.      This action is intended to include all other non-exempt, hourly paid employees of Defendants who suffered the same violations.

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

9.      During Plaintiff's employment with Defendants, SPECTRUM HABILITATION SERVICES, INC., earned more than $500,000.00 per year in gross sales.

10.    During Plaintiff's employment with Defendants, SPECTRUM HABILITATION SERVICES, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11.    Included in such goods, materials and supplies were beds, linens, mattresses, food, drink, office supplies and equipment and other goods and materials which originated from outside the state of Georgia.

12.    As a result, SPECTRUM HABILITATION SERVICES, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13.    At all times relevant to this action, REGINALD SMITH, was an individual resident of the State of Georgia, who owned and operated SPECTRUM HABILITATION SERVICES, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SPECTRUM HABILITATION SERVICES, INC.  By virtue of having regularly exercised that authority on behalf of SPECTRUM HABILITATION SERVICES, INC., REGINALD SMITH is an employer as defined by 29 U.S.C. § 201, et seq.

## FLSA VIOLATIONS

14.    At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff, and all other similarly situated employees, full overtime compensation for overtime hours worked.

3

15.     At all times relevant to this action, Plaintiff was an hourly paid, non-exempt employee.

16.     During her employment with Defendants, Plaintiff routinely worked more than forty (40) hours in a week.

17.     When Plaintiff worked overtime, she would only be paid her regular straight time pay for all hours each week, regardless of the amount of overtime hours she worked.

18.     Plaintiff and all other similarly situated employees have been damaged by the fact that they were not paid full and complete overtime compensation for overtime hours worked.

19.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21.     Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

22.     During her employment with Defendants, Plaintiff and other similarly situated employees worked overtime hours but were only paid their

regular pay, and not full and complete overtime compensation for these overtime hours.

23.     Defendants did not have a good faith decision for its failure to pay Plaintiff and other similarly situated employees full overtime compensation.

24.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DESIRAE HALL, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12th   day of May, 2014.

_____

C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.

20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
Email:        RMorgan@forthepeople.com
Attorneys for Plaintiff